THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROGER G. DOYLE, Respondent.

Second Department, April 14, 1969.

*Aaron E. Koota, District Attorney (Carl S. Wolfson* of counsel), for appellant.

*Zolotorofe & Sanders (August Zolotorofe* of counsel), for respondent.

BENJAMIN, J. This case presents the novel question whether section 130.15 of the new Penal Law overruled *People* v. *Lo Verde* (7 N Y 2d 114) and *People* v. *English* (16 N Y 2d 719), so that a defendant can now be convicted of the minor offense of sexual abuse in the third degree, despite the fact that the victim's testimony establishes a consummated rape and there is no corroboration of her testimony.

In a six-count indictment defendant was charged with robbery, larceny, assault (two counts), endangering the welfare of a child, and sexual abuse in the third degree. As the crimes were allegedly committed on September 26, 1967, the prosecution was under the new Penal Law, which was enacted in 1965, effective as of September 1, 1967 (Penal Law, §§ 5.05, 500.10).

At the outset of the trial, the prosecutor stated that the complainant would testify to completed acts of intercourse and oral and anal sodomy; that there was no corroboration of those acts; and that for that reason defendant had not been indicted

for rape and sodomy. The prosecutor then consented to dismissal of the five counts charging robbery, larceny, assault, and endangering the welfare of a child; he did not consent to dismissal of the count charging sexual abuse in the third degree as he wished the appellate courts to have a clear-cut issue concerning the validity of a conviction on that count as to which the proof was of a consummated rape and sodomy and there was no corroboration of the complainant's testimony. The trial court granted the defendant's motion to dismiss the count of sexual abuse in the third degree, citing *People* v. *Radunovic* (21 N Y 2d 186) as authority.

The People have appealed, contending that corroboration is not needed to establish that crime. We think the determination of the trial court was correct and should be affirmed.

The crime of sexual abuse in the third degree is new, at least insofar as it applies to adults (McKinney's Cons. Laws of N. Y., Book 39, pp. 307–308 [Practice Commentary on Penal Law, § 130.55]). In relevant part, it is defined as follows in section 130.55: "A person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter's consent".

This crime is a class B misdemeanor, as further stated in this section, and so is punishable by a definite sentence not exceeding three months (Penal Law, § 70.15).

Section 130.00 of the Penal Law defines "sexual contact" as "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party."

Sections 130.00 and 130.55 are parts of article 130, which encompasses all sex offenses. Section 130.15 (also in art. 130) is entitled "Sex offenses; corroboration", and it reads as follows: "A person shall not be convicted of any offense defined in this article, or of an attempt to commit the same, solely on the uncorroborated testimony of the alleged victim. *This section shall not apply to the offense of sexual abuse in the third degree*" (emphasis supplied).

In light of the just-quoted language, the issue at bar can be restated as follows: When the Legislature enacted section 130.15, did it intend to eliminate the need for corroboration when the offense *charged* was sexual abuse in the third degree (despite the fact that the offense actually committed was rape or another sex offense requiring corroboration), or did it intend to eliminate the need for corroboration only when the offense *actually committed* was the minor offense of sexual abuse in the third degree? Or, to restate it in still another way: Did

the Legislature intend to permit a prosecutor to avoid the requirement of corroboration for rape by charging the defendant with only the petty offense of sexual abuse in the third degree when he had no corroboration of the victim's story that she had been raped?

We have found no clear clue to the legislative intent on this point.

*People* v. *Lo Verde* (7 N Y 2d 114, *supra*) and *People* v. *English* (16 N Y 2d 719, *supra*) were decided before the enactment of the new Penal Law. In *Lo Verde* the defendant was acquitted of rape but convicted on a count of endangering the morals of a minor by having intercourse with her; reversing the conviction, the Court of Appeals said (p. 116): "Were we to hold that no corroboration was necessary to support the conviction of the crime as charged in this indictment, then a prosecutor might easily circumvent the requirement of corroboration necessary for a conviction of misdemeanor rape simply by charging instead the impairment of the morals of a minor, as he did here. The law may not be so circumvented." In *English* the uncorroborated testimony of the victim was that a rape had been consummated; the defendant was acquitted of rape but convicted on counts of robbery, larceny assault with intent to commit rape, and attempted rape; citing *Lo Verde*, the Court of Appeals reversed as to the counts of attempted rape and assault with intent to commit rape "on the ground of a lack of the corroboration required by law for such convictions when testimony as to an actual rape has been received" (p. 720).

Soon after *English* the new Penal Law was enacted, with the effective date postponed for two years. For some years before its enactment, the revision of the old Penal Law had been the subject of a continuing study by the Temporary Commission on Revision of the Penal Law and Criminal Code. One of the areas of study was the Model Penal Code drafted by the American Law Institute; the Proposed Official Draft of that Code (1962) contained the following provision (pp. 150–151): "No person shall be convicted of any felony under this Article [dealing with sex offenses] upon the uncorroborated testimony of the alleged victim." In that Model Code (p. 147), sexual assault was classified as a misdemeanor. The Drafters' Notes (p. 151) said that the corroboration requirement was limited to felony prosecutions; that the need for corroboration in *all* cases would seem to have *prima facie* validity; that Dean Wigmore's attack on *any* need for corroboration made the drafters hesitate to extend that requirement to all cases; and

that (p. 151) "it has been argued that a rigid requirement of corroboration would virtually preclude prosecutions in typical cases of minor sexual assault in dark theatres and crowded subways ".

In the Fourth Interim Report of this Temporary Commission (submitted in 1965 with the draft of the new Penal Law that was enacted later that year), the commission said (p. 30) that the new law "leaves the less serious residue [of sexual abuse cases] to a new 'third degree,' a class B misdemeanor, which thereby becomes the lowest and basic offense of 'sexual abuse '"; that the statute exempts adolescent necking from its ambit; and (p. 31): "In general, much of the conduct covered by third degree sexual abuse is of a sort that can be testimonially established only by the 'victim.' In view of the difficulty of obtaining corroborative evidence in such cases, and of the low penalty for this offense, the requirement of corroboration is dispensed with in prosecutions under this section ".

An identical comment is in the Practice Commentary on section 130.55 in McKinney's Consolidated Laws of New York (Book 39, pp. 307–308), which was written by Richard G. Denzer and Peter McQuillan, respectively the Executive Director and Counsel of the Temporary Commission. In another Practice Commentary by them, on section 130.15 (*id.*, pp. 278–279, dealing generally with corroboration in sex offense cases), they noted that section 130.15 codifies the rule of *People* v. *English* (*supra*) and: "Prior case law construing the corroboration requirement for rape will   *   *   *   be applicable in a prosecution for any offense (except sexual abuse in the third degree) defined in Article 130."

Another commentator on this subject was Professor Morris Ploscowe, who was on the committee that drafted the American Law Institute's Model Penal Code. In an article entitled "Sex Offenses in the New Penal Law " (32 Brooklyn L. Rev. 274, 275 [1966]), he said this: "The new Penal Law retains the requirement that conviction for a sex offense can be had only on the corroborated testimony of the alleged victim. This requirement extends to all the offenses covered by article 130 except sexual abuse in the third degree.   *   *   *   since there is no rational basis for not requiring corroboration for all sex offenses, we cannot understand why the new Penal Law exempts from the requirement of corroboration the offense of sexual abuse in the third degree ".

Also relevant, though not conclusive, are several recent decisions which followed the enactment of the new Penal Law but dealt with crimes committed prior thereto and consequently

were decided under the old law. The first was *People* v. *Radunovic* (21 N Y 2d 186, revg. 27 A D 2d 916, *supra*). [*Radunovic* was decided simultaneously with *People* v. *Sigismondi* (21 N Y 2d 186) and *People* v. *Roccaforte* (21 N Y 2d 186).] In *Radunovic* the defendant was convicted of assault in the third degree on the victim's uncorroborated testimony of a consummated rape. The Appellate Division affirmed, with Justice STEUER dissenting. The Court of Appeals reversed and dismissed the indictment; Judge VAN VOORHIS wrote the prevailing opinion, concurred in by Chief Judge FULD and Judge BREITEL; Judge BREITEL also wrote a separate concurring opinion; Judge BURKE concurred in the result for the reasons stated by Justice STEUER in his dissent from the Appellate Division's affirmance of the conviction; Judge BERGAN wrote a dissent in which Judge KEATING concurred; and Judge SCILEPPI wrote a separate dissent. In Judge VAN VOORHIS' opinion he said the following (pp. 189–190) : " Each [case — the opinion also covered appeals by two other defendants] concerns whether corroboration is required of the testimony of a female that there was a completed act of rape, in instances where the People have elected to prosecute on the basis of a crime ostensibly unrelated to a charge of rape or where the jury has found a defendant guilty of an unrelated crime upon evidence which, if believed, would render the accused guilty of rape or assault with attempt to commit rape. The Legislature has currently provided that corroboration of the testimony of complainant is required to sustain charges of adultery and incest * * * promoting prostitution * * * and of the sexual offenses punishable under article 130 of the Penal Law * * * which include sexual misconduct * * * rape * * * sodomy * * * and sexual abuse in the first and second degrees * * *. *This well-defined legislative policy has been extended by the courts to endangering the health and morals of a minor, assault with intent to commit rape and attempted rape where the charge is supported by evidence of a consummated rape (People* v. *Lo Verde,* 7 N Y 2d 114; *People* v. *English,* 16 N Y 2d 719, and *People* v. *Colon,* 16 N Y 2d 988). * * * *If this were not the rule, then it would be easy for a prosecutor or a Grand Jury to evade the requirement of corroboration by charging assault with intent to commit rape or third degree assault. * * * The indictment in the Sigismondi case * * * does not refer to rape but * * * ' rights of an accused may not be made to depend on the happenstance of draftsmanship '* * * and the testimony before the Grand Jury demonstrating that the only evidence of an assault* * * * consisted of testimony of the * * * [victim] that

she had been raped'' (emphasis supplied, except as to cited cases).

As previously noted, Chief Judge FULD concurred in Judge VAN VOORHIS' opinion and Judge BREITEL concurred in a separate opinion in which he agreed with Judge VAN VOORHIS' opinion and added some observations of his own about the complexity of the problem; speaking about *People* v. *Colon* (16 N Y 2d 988 [which had held corroboration unnecessary under the old Penal Law if the proof established only an unconsummated attempt to rape, rather than a completed rape]), Judge BREITEL commented (p. 191): ''*This is just as repellent to any sense of logic or justice as the device of prosecuting and convicting for the assaultive offense by suppressing the allegations or the proof of the culminated offense in order to avoid the requirement of corroboration*'' (emphasis supplied).

Also as previously noted, Judge BURKE concurred in the result on the basis of Justice STEUER's dissent in the Appellate Division and with the same reservations that Justice STEUER had. In Justice STEUER's dissent he said the following (27 A D 2d 916, 917–918): ''I feel that I must dissent from the conclusion of the majority even though I believe that their determination represents a more just outcome and what I believe the law ought to be. The defendant was indicted on two counts: assault in the second degree with intent to commit rape, and assault in the third degree. He was acquitted on the first count and found guilty on the second count. The complainant, in support of the indictment, testified to a completed rape. By statute, in a prosecution for rape the testimony of the complainant must be corroborated to sustain a conviction. * * *. Where * * * the proof of the act charged in the indictment reveals that that act is perpetration of an accomplished rape, corroboration is required no matter under what provision of the Penal Law the defendant is charged (*People* v. *Lo Verde,* 7 N Y 2d 114). 'Were we to hold that no corroboration was necessary to support the conviction of the crime as charged in this indictment, then a prosecutor might easily circumvent the requirement of corroboration necessary for a conviction of misdemeanor rape simply by charging instead the impairment of the morals of a minor, as he did here. The law may not be so circumvented.' (*People* v. *Lo Verde, supra,* p. 116). It may be argued that in the *Lo Verde* matter the indictment charged an act which constituted a rape though calling it another crime, whereas here the charge does not amount to a rape. But that distinction does not meet the reasoning in *Lo Verde*. *If the necessity for corroboration cannot be avoided by charging the act of rape*

*as a different crime, it likewise cannot be obviated by charging
a lesser crime where the proof establishes a rape, regardless
of the fact that the indictment does not go so far (People* v.
*English,* 16 N Y 2d 719 \* \* \*). \* \* \*. The result which
precedent dictates is almost absurdly anomalous. \* \* \*.
However, in the light of what I deem to be the existing law,
affirmance of this conviction is impermissible. The way is either
in the adoption of the reasoning of Judge BURKE in his dissent-
ing opinion in *Lo Verde (supra)* or by appropriate legislation "
(emphasis supplied, except as to cited cases).\*

*Radunovic* was followed by *People* v. *Lennon* (22 N Y 2d 677)
and *People* v. *Jenkins* (22 N Y 2d 675), both decided on May 16,
1968 by unanimous courts. *Lennon* and *Jenkins*, like *Radunovic*,
indicate that the reasoning of *Lo Verde* and *English* was still
being followed. In *Lennon* the uncorroborated testimony showed
a completed rape committed in 1964 and the defendant was con-
victed of robbery and assault with intent to commit rape; the
Appellate Division reversed as to the assault count because
of the lack of corroboration, but affirmed as to the robbery
count; the Court of Appeals affirmed the robbery conviction,
saying this (p. 678): "The testimony of the complaining
witness as to the consummated rape, though relevant, was not
a necessary element to support the defendant's conviction on the
charge of robbery in the first degree. The requirement of corro-
boration, under section 2013 of the former Penal Law, extends
only to those charges which are based solely upon evidence
which, if believed, would render the accused guilty of the crime
of rape \* \* \* [citing *Radunovic, English* and *Lo Verde*]."

To the same effect as *Lennon* was the holding in *Jenkins*
*(supra).*

On June 14, 1968 (a month after *Lennon*) the Court of Appeals
decided *People* v. *Young* and *People* v. *Goree* (22 N Y 2d 785)
by a 4 to 3 vote. In *Young* the defendants were charged with
rape, assault with intent to commit rape, and assault in the third
degree (i.e., simple assault); the victim's testimony as to a
consummated rape was uncorroborated; the trial court dis-

---

\* With respect to Justice STEUER's final comment about the desirability of
"appropriate legislation" to correct the "anomalous" situation caused by the
*Lo Verde* and *English* holdings that a successful rapist cannot be convicted of
a lesser, connected offense when corroboration is unobtainable, it should be noted
that this comment was made in April, 1967, *after* the adoption of the new Penal
Law, albeit before its effective date; and Judge BURKE's concurrence with the
majority's reversal of the *Radunovic* conviction, on the basis of Justice STEUER's
reasoning, occurred in December, 1967, *after* the effective date of the new Penal
Law.

missed the counts of rape and assault with intent to commit rape, and the jury convicted the defendants of simple assault. The Court of Appeals reversed and dismissed the entire indictment on the authority of *Radunovic*; the dissenters commented (p. 786): " Once again, the majority of this court has extended the unsound rule of *People* v. *English* * * * and its progeny " to a simple assault. [The dissenters apparently felt that proof of the simple assault was not dependent upon the proof of rape, while the majority felt it was (see *People* v. *Moore,* 23 N Y 2d 565)].

The latest case on this point is *People* v. *Moore (supra).* In *Moore* the defendant was convicted of attempted rape, robbery and larceny on the victim's uncorroborated proof of a consummated rape during which the defendant took a change purse from the victim's person. The Appellate Division reversed as to the attempted rape count and affirmed as to the robbery and larceny counts. By 5 to 2, the Court of Appeals affirmed. Speaking for the majority, Judge BERGAN said the following (pp. 567–568):

" If the development of the rule extending the requirement for corroboration in cases of rape to other crimes be followed closely, it will be seen the extension has been directed in each case to crimes intrinsically related to rape or committed in aid of effecting rape.

" Robbery is not such a crime. * * *.

" In this present case the jury could find the defendant deliberately took property * * * from the person of the complainant while in the act of raping her. The larceny charge * * * is in the same situation. Unlike the crime of assault, which to greater or lesser degree is a part of every forcible rape, there is no necessary interdependence between these two entirely distinct crimes * * *.

" Decisions beginning with *People* v. *Lo Verde* * * * which have extended the need for corroboration for crimes other than rape itself will be seen on analysis to be either sexual offenses, as in *Lo Verde* itself (endangering the health or morals of complainant), or assaults designed to help commit the rape (*People* v. *English* * * *).

" In *People* v. *Radunovic* * * * assault charges were based on acts each interdependent upon the rape itself. Whatever rationality there may be in extending the need for corroboration for such assaults, it does not extend to the quite different crime of robbery ".

Chief Judge FULD dissented, citing *Radunovic* and *Young,* on the ground that corroboration was required for a theft com-

mitted during a rape. Judge BREITEL dissented, with a separate opinion in which he characterized the majority holding as " another fluctuation among the unpatterned rulings in sex cases caused by the unsatisfactory corroboration rule ", and he then noted that the testimony concerning the robbery was inseparable from the testimony concerning the rape and it therefore required corroboration.

The foregoing is all that we have found which is relevant to the question at bar. And that question, as previously noted, is whether the exemption of sexual abuse in the third degree from the corroboration requirement of section 130.15 of the new Penal Law means that a prosecutor who has no corroboration of a rape charge can instead now charge the rapist with the petty offense of sexual abuse in the third degree and have him convicted of that offense upon uncorroborated testimony of the rape.

In our opinion he cannot. We believe the rationale of *Lo Verde, English, Radunovic, Young* and *Moore* (*supra*) is still valid and a prosecutor cannot evade the statutory requirement of corroboration for rape by charging a lesser or different offense which he intends to prove by uncorroborated testimony that the rape was committed. For example, in the new Penal Law, as in the old one, there is no specific requirement of corroboration for an assault charge; yet we cannot believe that the courts would now abandon the principles of *Lo Verde* and its progeny and permit an assault conviction to stand where it was proved only by uncorroborated testimony of a rape. Analogously, in our opinion the provision in section 130.15 that expressly exempts " the offense of sexual abuse in the third degree " from the corroboration requirement that applies to other sex offenses merely puts the offense of sexual abuse in the third degree into the same general category as non-sex crimes, insofar as the need for corroboration is concerned, and it consequently should be governed by the same rules. Those rules, as most recently restated in *People* v. *Moore* (*supra*), are that the holdings in *Lo Verde, English, Radunovic* and *Young* apply to all cases where uncorroborated testimony of a rape has been used to prove a crime " intrinsically related to rape or committed in aid of effecting rape ", or based upon an act " which is a part of [the] rape ", or which is " interdependent " with the rape. Clearly, where a rape has been committed, sexual abuse in the third degree would be an offense " interdependent " with the rape, " intrinsically related " to it, committed " in aid of effecting " it, and based upon an act " which is a part of " it. Hence, under the afore-mentioned

rules, a conviction for sexual abuse in the third degree may not stand if the only proof to support it is the uncorroborated testimony of the victim that a rape was committed.

In sum, we construe section 130.15 to mean that corroboration is unnecessary if the *actual offense* committed, charged and proved is sexual abuse in the third degree; but that corroboration is still required if the actual offense committed and proved is a sex crime for which corroboration is required by statute (such as rape) and the offense charged is only sexual abuse in the third degree.

We have reached this conclusion because (a) running through the decisions in *Lo Verde* and its offspring is a thread of thought which seems to equate a prosecutor's attempt to evade the corroboration requirement with invasion of a defendant's rights or with some kind of impropriety; (b) section 130.15 apparently was intended to codify the holdings in *English* and *Lo Verde*; (c) when enacting the new Penal Law the Legislature greatly increased the requirement for corroboration by extending it to all sex offenses except sexual abuse in the third degree; (d) in *Radunovic* the court noted that " this well-defined legislative policy has been extended by the courts " (p. 189) to cases where charges not requiring corroboration have been proved by evidence of a rape; (e) the history of section 130.15 and the commentaries on it indicate that the " offense " of sexual abuse in the third degree was exempted from the corroboration requirement only because the contemplated offense was the minor one of improperly touching a woman in a dark theatre, crowded subway, etc., and it is impossible to obtain corroboration of such an offense; and (f) the reason for the exemption of the " offense " from the corroboration requirement would not apply where the *charge* is sexual abuse in the third degree but the *offense actually committed* is a major sex crime.

We conclude that the order appealed from should be affirmed.

BELDOCK, P. J. (dissenting). I dissent and vote to reverse the order and to deny the motion to dismiss the fifth count of the indictment.

Under the former Penal Law, the only crime specified in article 130 of the present Penal Law which was expressly required by legislation to be corroborated was rape (former Penal Law, § 2013). However, by court decision it was held that corroboration was also required even where the crime charged was impairing the morals of a minor (*People* v. *Lo Verde,* 7 N Y 2d 114) or assault with intent to commit rape (i.e., an assault designed to help commit the rape) or attempted

rape (*People* v. *English,* 16 N Y 2d 719), where the only evidence of the latter crimes was a consummated rape (*People* v. *Moore,* 23 N Y 2d 565; *People* v. *Radunovic,* 21 N Y 2d 186). This extension of the requirement of corroboration by the courts could be accomplished solely by reason of the fact that there was then an absence of legislative pronouncement to the contrary. The legislation defining the latter crimes did not then provide either that there should or should not be corroboration.

Article 130 of the present Penal Law (L. 1965, ch. 1030, eff. Sept. 1, 1967) sets forth five sex offenses; sexual misconduct, rape (in three degrees), consensual sodomy, sodomy (in three degrees) and sexual abuse (in three degrees). Section 130.15 provides: "A person shall not be convicted of any offense defined in this article, or of an attempt to commit the same, solely on the uncorroborated testimony of the alleged victim. This section shall not apply to the offense of sexual abuse in the third degree."

Thus, in language unambiguous, plain, clear, and explicit, the Legislature has expressly stated that corroboration is *not* required to sustain a conviction of sexual abuse in the third degree. The Legislature has pre-empted the area by providing that, with respect to specified offenses, corroboration is required, whereas with respect to sexual abuse in the third degree corroboration is not required.

The majority construes the last sentence of section 130.15 as if it read: "This section shall not apply to the offense of sexual abuse in the third degree unless the evidence shows the commission of an offense requiring corroboration." Courts cannot thus enlarge or amend a statute. That is solely a legislative prerogative. The freedom given to courts to construe a statute is not the equivalent of freedom to amend a statute. Courts may not legislate under the guise of interpretation (*Bright Homes* v. *Wright,* 8 N Y 2d 157).

With knowledge by the Legislature of the extension by the courts of the requirement of corroboration to support convictions for offenses where the statute did not require corroboration, the Legislature omitted a requirement of corroboration to sustain a conviction for sexual abuse in the third degree where the evidence shows the commission of an offense requiring corroboration. Courts may not supply in a statute a provision which appears to have been intentionally and purposefully omitted by the Legislature. Courts must deal with the subject concerning which the Legislature has spoken and read the statute as it is written (*People* v. *Kupprat,* 6 N Y 2d 88). The

statute reads that a person may be convicted of sexual abuse in the third degree without corroboration. This language expressly excludes the requirement of corroboration to sustain such a conviction, regardless of whether the evidence actually establishes in addition an offense which would otherwise require corroboration.

The purpose of making this exception to the requirement of corroboration was to prevent the escape by a guilty defendant from prosecution and conviction of the charge; this was the very gap that the Legislature intended to fill.

The result reached by the majority would not permit a conviction of a Class B misdemeanor (§ 130.55), for which the maximum penalty is three months (§ 70.15), even though there is convincing evidence that the 30- or 35-year-old defendant in the case at bar committed rape and sodomy on a 15-year-old girl, merely because there was no corroboration. In view of the fact that the statute provides that no corroboration is required to sustain a conviction for the crime of sexual abuse in the third degree, it is my opinion that the result reached by the majority of this court is neither required nor justified and is contrary to the clear intent of the Legislature as expressed in the statute.

BRENNAN and RABIN, JJ., concur with BENJAMIN, J.; BELDOCK, P. J., dissents in opinion in which CHRIST, J., concurs.

Order affirmed.